USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2020

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

WELBY ACCELY,

                                                Civil Action No.

                 Plaintiff,                1:19-cv-05984-AT

                -against-

CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC., *in its official capacity*, ANDY
FEEHAN, *in his official and individual capacity*,
DARREN BRINDISI, *in his official and individual*
capacity, *and* THERESA KOHN, *in her official and*
*individual capacity*,

                Defendants.
----------------------------------------------------------------X

## CONFIDENTIALITY AGREEMENT & ORDER

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel for

Plaintiff Welby Accely ("Plaintiff") and Defendants Consolidated Edison Company of New York,

Inc. ("Con Edison"), Andy Feehan, Darren Brindisi, and Theresa Kong ("Defendants") (Plaintiff

and Defendants, collectively "the parties"), through their undersigned counsel, that the following

provisions shall govern the treatment of confidential documents and information produced by or

obtained from any party during discovery in this action:

1. Counsel for any party may designate any document, information contained in a document,

    information revealed in an interrogatory response, or information revealed during a

    deposition as confidential (hereinafter "Confidential Information"). Confidential

    Information will be stamped "CONFIDENTIAL."

2. "Confidential Information" shall mean all documents and testimony, and all information

    contained therein, and other information designated as confidential, if such Confidential

    Information contain trade secrets, proprietary business information, competitively sensitive

    information, private or sensitive customer information, private or sensitive employee

information, including but not limited to medical or disciplinary records, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients, or would otherwise infringe upon the privacy rights of that party's customers or employees.

3. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in a timely manner, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this confidentiality agreement constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. All parties specifically reserve the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation, including employees of Con Edison;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in

2

preparation for his/her testimony and may not retain the Confidential Information; and

    e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. inform the person of the confidential nature of the information or documents; and

    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 5(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8. Nothing in this Agreement shall preclude or restrict Con Edison from disclosing Confidential Information to its employees or otherwise using Confidential Information in the ordinary and regular course of conducting its business.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document's or information's production. If so designated, the

3

document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement and Order.

10. Where any Confidential Information or information derived from Confidential Information is desired to be redacted from a filing or filed under seal with the Court, the party seeking to file the Confidential Information in redacted form or under seal must make a request to the Court by e-mailing a letter to chambers that briefly explains the reasons for seeking to file that submission with redactions or under seal, pursuant to paragraph IV.A. of the Honorable Analisa Torres' Individual Practices in Civil Cases.

11. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of

documents or information; or for modification of this Order. This Order may be enforced by any

party and any violation may result in the imposition of sanctions by the Court.

Dated: New York, New York
    December    , 2019

Norman Keith White, Jr., Esq.
Keith White, PLLC
198A Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261
keith@keithwhitelaw.com
Attorneys for Plaintiff Welby Accely

Christopher A. D'Angelo, Esq.
Consolidated Edison Company of
    New York, Inc.
4 Irving Place, 14th Floor
New York, New York 10003

Of Counsel:
    Lynelle J. Slivinski
    (212) 460-3068
    slivinskil@coned.com

Attorneys for Defendants Consolidated
    Edison Company of New York, Inc.,
    Darren Brindisi, and Theresa Kong

Rodney Clark Biermann, Esq.
Offit Kurman
10 East 40th Street, Suite 3500
New York, New York 10016
(347) 589-8527
rbiermann@offitkurman.com
Attorneys for Defendant Andy Feehan

SO ORDERED:

Analisa Torres, U.S.D.J.

Dated: January 29, 2020
    New York, New York

5

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Welby Accely v. Consolidated Edison Company of New York, Inc., et al.*, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED:

Signed in the presence of:

_____

(Attorney)