UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELBY ACCELY,

                Plaintiff,

-v-                                     CIVIL ACTION NO.: 19 Civ. 5984 (AT) (SLC)

CONSOLIDATED EDISON CO. OF NEW YORK, INC.,
ANDY FEEHAN, DARREN BRINDISI, and THERESA
KOHN,                                    **ORDER**

                Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

Pursuant to the discovery conference held today, September 8, 2020, the Court orders as follows:

Plaintiff's request for sanctions in the form of his attorneys' fees associated with the cancelled, and later rescheduled, deposition of Defendant Brindisi is DENIED. (ECF No. 58).

The "court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case." Scantibodies Lab., Inc. v. Church & Dwight Co., 14 Civ. 2275 (JGK) (DF), 2016 WL 11271874, at *18 (S.D.N.Y. Nov. 4, 2016) adopted by, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (internal citations omitted).

Within the Second Circuit, when determining whether to impose sanctions, a district court considers four non-exhaustive and non-exclusive factors: "(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). The court may also consider the full record in the case and any prejudice to the moving party. Syntel Sterling Best Shores Mauritius Ltd., 328 F.R.D. at 120.

Here, Plaintiff has not demonstrated that sanctions are warranted. Defendant Brindisi cancelled the virtual continuation of his deposition due to his ill health on the scheduled date. Mr. Brindisi's counsel informed Plaintiff as soon as she knew that Mr. Brindisi's deposition could not proceed, within about 15 minutes after its scheduled start time, and his deposition was quickly rescheduled. These circumstances do not reflect a pattern of misbehavior, and the Court has not previously admonished the parties for noncompliance with deadlines. While the last-minute cancellation was undoubtedly inconvenient, Plaintiff was not prejudiced, and the cancellation does not merit monetary sanctions. Accordingly, Plaintiff's request for sanctions in the form of attorneys' fees in the amount of $550 is DENIED. The Court's ruling does not impact Defendants' agreement to reimburse Plaintiff for the court reporter's costs for the cancelled deposition.

Also before the Court is Defendants' alleged outstanding responses to Plaintiff's document requests, outlined in Plaintiff's letter dated August 17, 2020. (ECF No. 63-3). To the extent Plaintiff requests that the Court order Defendants to produce the discovery outlined in categories one through eleven of ECF No. 63-3, Plaintiff's request is DENIED as untimely, given that the deadline for service of document requests was January 6, 2020. (Id. at 1; ECF No. 31 at 2). As discussed during the conference, however, to the extent that Mr. Brindisi has testified or does testify concerning specifically-identifiable, individual documents that have not yet been produced, Plaintiff may make a supplemental request for those particular documents.

Finally, the parties are encouraged to continue to meet and confer to schedule the two remaining non-party depositions before the close of fact discovery on September 30, 2020. If the parties are not able to schedule those two depositions before that date, they may request a limited extension of time to complete them.

Dated: New York, New York
September 8, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**