| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>WELBY ACCELY,<br><br>                      Plaintiff,<br><br>-against-<br><br>CONSOLIDATED EDISON COMPANY OF<br>NEW YORK, INC., in its official capacity,<br>ANDY FEEHAN, in his official and individual<br>capacity, DARREN BRINDISI, in his official<br>and individual capacity, and THERESA KOHN<br>in her official and individual capacity,<br><br>                      Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _5/7/2021_<br><br><br>19 Civ. 5984 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

By letters dated April 22 and 28, 2021, Defendants seek to file 55 documents attached as exhibits to the parties' summary judgment briefing under seal. ECF Nos. 125, 134.

There is a strong common law presumptive right of access to judicial documents. *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014). Such documents "should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *see also, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

The information that Defendants seek to file under seal include Plaintiff's performance evaluations, *see, e.g.*, ECF Nos. 105-5–105-8, full deposition transcripts covering a range of topics, *see, e.g.*, ECF No. 111-1, 121-1, and Plaintiff's grievance forms, *see, e.g.*, ECF No. 127-7. Defendants have not demonstrated that the privacy interest they have identified outweighs the public's interest in disclosure. *Lown v. Salvation Army, Inc.*, No. 04 Civ. 01562, 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012) (declining to seal a third party's performance reviews, despite the "significant weight" given to his privacy interests (citation omitted)). Additionally, these materials have already been filed publicly. *United States v. Avenatti*, No. 19 Cr. 373, 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public.").

Accordingly, Defendants' request to file 55 documents under seal is DENIED. The parties may file redacted copies of these documents as permitted by Federal Rule of Civil Procedure 5.2(a).

SO ORDERED.

Dated: May 7, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge