UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WELBY ACCELY,                                           :

                Plaintiff,            :

       - v -                                           :

CONSOLIDATED EDISON COMPANY                             :    MEMORANDUM DECISION
OF NEW YORK, INC., in its official
capacity, ANDY FEEHAN, in his official                  :    19 Civ. 5984 (DC) (SLC)
and individual capacity, DARREN
BRINDISI, in his official and individual                :
capacity, and THERESA KONG, in her
official and individual capacity,                       :

                Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:    N. KEITH WHITE, Esq.
               Keith White, PLLC
               198A Rogers Avenue
               Brooklyn, NY 11225
                    Attorney for Plaintiff

               JEANINE CONLEY DAVES, Esq.
               A. Michael Weber, Esq.
               James F. Horton, Esq.
               Adriana H. Foreman, Esq.
               Littler Mendelson, P.C.
               900 Third Avenue, 8th Floor
               New York, NY 10022
                  -- and --
               LYNELLE SLIVINSKI, Esq.
               Con Edison Law Department
               4 Irving Place, 18-200
               New York, NY 10003

                Attorneys for Defendants Consolidated Edison Co. of New York, Darren Brindisi, and Theresa Kong

ROD BIERMANN, Esq.
Stewart Epstein, Esq.
Offit Kurman, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
                Attorneys for Defendant Andy Feehan

CHIN, Circuit Judge:

At a pretrial conference on April 11, 2023, the Court reserved decision on the *in limine* motion filed by Defendants Consolidated Edison Co. of New York ("Con Ed"), Darren Brindisi, and Theresa Kong to preclude testimony by Marc Janoson, Ph.D., relating to Plaintiff Welby Accely's emotional damages. Dkt. 130-2; Dkt. 158 at 12. Defendant Andy Feehan joins the objection to Dr. Janoson's testimony. Dkt. 156 at 24. For the reasons set forth below, the motion is GRANTED.

### I.  Background

Dr. Jonason is a forensic psychologist in private practice in New York. Dkt. 130-2.

Defendants argue that the proposed evidence fails to address the impact of alleged racial discrimination or retaliation on Accely's mental health. Dkt. 158 at 12-13. They argue that the report discusses allegations of "ethnically driven" -- rather than racially driven -- discrimination and harassment, and argue that "ethnic" discrimination

2

is not at issue in this case. Dkt. 156 at 24, 33-34. Therefore, Defendants contend, the evidence is inadmissible because it is irrelevant and prejudicial.

In response, Accely asserts that Dr. Janoson's report is admissible because it pertains to the cause of Accely's emotional damages. Dkt. 170 at 18-19. He also argues that the evidence is admissible pursuant to a *Daubert* analysis. *Id*. at 19-20; *see also Daubert v. Merrell Down Pharm., Inc.*, 509 U.S. 579, 592 (1993).

## II.  *Analysis*

The Federal Rules of Evidence allow admission of relevant evidence, provided that its probative value is not outweighed by its prejudicial effect. *See* Fed. R. Evid. 401, 403. With respect to expert testimony, Rule 702 provides that expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). A witness who is "qualified as an expert by knowledge, skill, experience, training, or education" may testify if (1) the testimony is based on sufficient facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods to the case." *Id*. (b)-(d). In deciding whether to admit the testimony of an expert, the court evaluates whether the testimony (1) relates to "scientific knowledge," and (2) will "assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592.

As a threshold matter, Dr. Janoson's report is not relevant to Accely's claims of unlawful racial discrimination and retaliation. *See* Fed. R. Evid. 401. First, as

3

Defendants note, Dr. Janoson's report refers twice to "ethnically driven" harassment and does not refer to racial harassment. Dkt. 130-2 at 1, 5. Second, and more importantly, the report does not assess the emotional damage that Accely purportedly suffered as a result of the alleged conduct, but rather summarizes Dr. Janoson's assessments of Accely's personality, as a forensic psychologist. Dkt. 130-2 at 2-6.

Dr. Janoson was not a treating psychologist and his report does not opine on the extent or cause of Accely's emotional harm. To the contrary, the report summarizes the methodologies and results of the two personality assessment techniques that Dr. Janoson used to evaluate Accely: (1) the Minnesota Multiphasic Personality Inventory-2 (the "MMPI-2"), and (2) the Personality Assessment Inventory (the "PAI"). Dkt. 130-2 at 2-5. The MMPI-2 is described as "the most widely used device for personality measurement in the world," while the PAI is designed to "yield information related to screening diagnosis, and treatment planning for psychopathology." *Id*. at 4, 5.

Though Dr. Janoson's report references Accely's employment history and allegations of ongoing harassment at Con Ed, it does not purport to draw any connection between the allegedly unlawful conduct and Accely's emotional well-being. *Id*. at 2, 5-6. Rather, the report begins by describing the methodology of the two personality assessments and then summarizes the tests' conclusions, which depict Accely as someone who is prone to offense and anger in response to perceived

4

injustices. *Id.* at 6. Dr. Janoson reports that Accely "produced a severely disturbed MMPI-2 profile" and that people within this category are "acutely sensitive to perceived unfair (especially punitive) actions." *Id.* at 6. The report concludes that Accely is "unstable, over-reactive, and subject to confusion in the face of stress" and that he is "typically less tolerant of other people." *Id.*

The report would not assist the trier of fact with respect to Accely's claims because it offers no opinions as to the cause or extent of Accely's emotional injuries but merely reiterates his allegations. Because Dr. Janoson's evaluation of Accely consisted only of administering general personality tests, his report is not relevant to an assessment of the emotional damage Accely purportedly incurred from the Defendants' allegedly discriminatory and retaliatory conduct. *See, e.g., El Ansari v. Graham*, No. 17 Civ. 3963, 2019 WL 3526714 at *6-7 (S.D.N.Y. Aug. 2, 2019) (precluding a psychologist's report because it failed to address alternative causes of the plaintiff's alleged emotional injuries); *E.E.O.C. v. Bloomberg L.P.*, No. 7 Civ. 8383, 2010 WL 3466370 at *17 (S.D.N.Y. Aug. 31, 2010) (precluding a psychologist's report because its methodology was unreliable and it would not assist the trier of fact in evaluating a sex discrimination claim); *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 379 (S.D.N.Y. 2005) (admitting psychologist's testimony and expert report because it expressed an opinion relevant to plaintiff's claim of emotional well-being). If anything, Dr. Janoson's report

would appear to undercut Accely's claim of emotional harm, with its conclusion that Accely is someone prone to anger who is overly sensitive to perceived unfairness.

\* \* \*

Accordingly, I find that the probative value of Dr. Janoson's testimony is low and is substantially outweighed by the risk of unfair prejudice, confusion, and delay. I do not need to reach Accely's *Daubert* argument. For the foregoing reasons, Defendants' motion to preclude the testimony and expert report of Dr. Janoson is GRANTED. Dr. Janoson will not be permitted to testify.

SO ORDERED.

Dated:   New York, New York
         April 20, 2023

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation